## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJANI IMAROGBE,<br><br>          Petitioner,<br><br>     v.<br><br>KEN CLARK, et al.,<br><br>          Respondents. | 1:10-cv-01235-JLT HC<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS<br><br>(Doc. 1)<br><br>ORDER DIRECTING PETITIONER TO FILE A RESPONSE WITHIN THIRTY DAYS |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on June 24, 2010.[1] A preliminary review of the Petition, however, reveals that the may be untimely and

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for

1

should therefore be dismissed.

**DISCUSSION**

    A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. By issuing this Order to Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in Herbst.

    B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on June 24, 2010, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

---

calculating the running of the statute of limitation. Petitioner signed the instant petition on June 24, 2010. (Doc. 1, p. 6).

1     limitation period shall run from the latest of –

2         (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

4         (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

5

6         (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

7

8         (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

9     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

10

11 28 U.S.C. § 2244(d).

12 Here, Petitioner was convicted on April 16, 1996 in the Sacramento County Superior Court of second degree murder and sentenced to a term of sixteen years to life. (Doc. 1, p. 1). However, Petitioner does not challenge his 1996 conviction; instead, he is challenging the June 3, 2008 decision of the Board of Parole Hearings ("BPH") that he is not suitable for parole. (Doc. 1, p. 4).

16 The AEDPA's one year statute of limitations, as embodied in § 2244(d)(1), applies to habeas petitions challenging an administrative decision in the context of a parole board determination. Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004); see Redd v. McGrath, 343 F.3d 1077, 1080 n. 4 (9th Cir. 2003). Under subsection (d), the limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

22 In the context of a parole board decision, the factual basis for a claim challenging the parole board's decision is the parole board's denial of a petitioner's administrative appeal. Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1082-1083. Thus, the statute of limitations begins to run the day following a petitioner's notification of the parole board's decision. Id. Where the date Petitioner received notice of the parole board's hearing is not part of the record, Shelby rejected the notion that remand for an evidentiary hearing was required to determine the date on which a petitioner found out about the hearing, apparently establishing instead a presumption that an inmate will in fact receive

3

notice on the day the denial is issued, and that date will be used to calculate the statute of limitations unless the petitioner rebuts that presumption:

> "Here, as in <u>Redd</u>, Shelby does not dispute that he received timely notice of the denial of his administrative appeal on July 12, 2001, and he offers no evidence to the contrary.  Therefore, the limitation period began running the next day."

<u>Shelby</u>, 391 F.3d at 1066.

In this case, Petitioner has submitted a transcript of the BPH hearing held on June 3, 2008 that indicates that Petitioner was present at the hearing and was therefore aware of the BPH's decision, which was announced at the conclusion of the hearing.  (Doc. 1, pp. 119-135).  Accordingly, Petitioner knew the factual basis for his challenge to the BPH's decision on June 3, 2008.  Thus, the one-year period would have commenced the following day, i.e., on June 4, 2008, and would have terminated 365 days later, i.e., on June 3, 2009, absent applicable statutory or equitable tolling.

As mentioned, the instant petition was filed on June 24, 2010, over a year after the date the one-year period would have expired.  Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

### C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations.  <u>Artuz v. Bennett</u>, 531 U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. <u>Delhomme v. Ramirez</u>, 340 F. 3d 817, 819 (9th Cir. 2003), <u>abrogated on other grounds as recognized by</u> <u>Waldrip v. Hall</u>, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see <u>Evans v. Chavis</u>,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see <u>Carey v. Saffold</u>, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); <u>see</u> <u>also</u>, <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).

4

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007. Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, Petitioner indicates that he filed the following state habeas proceedings related to his challenge of the BPH's June 3, 2008 decision: (1) filed in the California Court of Appeal, Third Appellate District, on December 5, 2008, and denied on December 18, 2008; and (2) filed in the California Supreme Court on March 6, 2009, and denied on August 5, 2009. (Doc. 1, p. 161; 164).[2]

Assuming, without deciding, that both petitions were "properly filed" within the meaning of the AEDPA such as to entitle Petitioner to statutory tolling during their pendency as well as during the interval separating the two proceedings, the one-year period commenced on June 4, 2008 and

---

[2] In determining the filing date for Petitioner's first state petition, the Court has used the California courts' electronic database. The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

5

1  continued to run until Petitioner filed his first state petition on December 5, 2008, a period of 184
2  days.  At that point, Petitioner would have had only 181 days remaining on his one-year period.
3  After the California Supreme Court denied his last petition on August 5, 2009, the one-year period
4  would have resumed the following day, i.e., on August 6, 2009 and would have continued unabated
5  until it expired 181 days later on February 2, 2010.  As mentioned, Petitioner did not file the instant
6  Petitioner until June 24, 2010, approximately 142 days *after* the one-year period had expired.  Thus,
7  unless Petitioner is entitled to equitable tolling, the petition is untimely and should be dismissed.
8         D.  Equitable Tolling
9         The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to
10 equitable tolling in appropriate cases.  Holland v. Florida, __S.Ct.__, 2010 WL 2346549  *9
11 (U.S.S.C. June 14, 2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).
12 The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a
13 prisoner's control make it impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d
14 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When  external
15 forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim,
16 equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104,
17 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of establishing
18 two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary
19 circumstance stood in his way."   Holland, 2010 WL 2346549 at *12; Pace v. DiGuglielmo, 544
20 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under
21 AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066
22 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases."
23 Miles, 187 F. 3d at 1107.
24        Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on
25 the record now before the Court, the Court sees no basis for such a claim.  Accordingly, the Court's
26 preliminary determination is that Petitioner is not entitled to equitable tolling.
27        However, before dismissing the petition as untimely, the Court will, pursuant to the Ninth
28 Circuit's admonition in Herbst, permit Petitioner to file a response to the Order to Show Cause in

1 which he may provide any further allegations, arguments, evidence, or documentation to establish
2 that the petition is not untimely.

### ORDER

For the foregoing reasons, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **July 22, 2010**                                                          /s/ Jennifer L. Thurston
                                                                                  UNITED STATES MAGISTRATE JUDGE

7