1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                            EASTERN DISTRICT OF CALIFORNIA

10

11  AJANI IMAROGBE,                          )   1:10-cv-01235-OWW-JLT HC
                                             )
12                    Petitioner,            )   FINDINGS AND RECOMMENDATIONS TO
                                             )   SUMMARILY DISMISS PETITION FOR
13        v.                                 )   WRIT OF HABEAS CORPUS
                                             )
14                                           )   ORDER DIRECTING THAT OBJECTIONS
    KEN CLARK WARDEN, et al.,                )   BE FILED WITHIN TWENTY DAYS
15                                           )
                      Respondent.            )
16  _____ )

17

18        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19  pursuant to 28 U.S.C. § 2254.

20        On July 9, 2010, Petitioner filed the instant petition for writ of habeas corpus.  (Doc. 1).  On

21  September 17, 2010, the Court ordered Respondent to file a response to the petition.  (Doc. 8).  On

22  November 19, 2010, 2010, Respondent filed the Answer.  (Doc. 13).  On February 10, 2010,

23  Petitioner filed his Traverse.  (Doc. 15).

24        Petitioner challenges the California court decisions upholding a June 3, 2008, decision of the

25  California Board of Parole Hearings ("BPH").  Petitioner claims the California courts unreasonably

26  determined that there was some evidence that he posed a current risk of danger to the public if

27  released on parole and that the BPH's decision was arbitrary and was not based on "some evidence"

28  in the record.

U.S. District Court
E. D. California                                        1

1      I.  Preliminary Screening of the Petition.

2      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

3 if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

4 not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

5 The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any

6 attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4;

7 O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490

8 (9th cir. 1990).  Habeas Rule 2( c) requires that a petition (1) specify all grounds of relief available to

9 the Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested.  Notice

10 pleading is not sufficient; rather, the petition must state facts that point to a real possibility of

11 constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski, 915 F.2d at

12 420.  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to

13 summary dismissal.  Hendricks, 908 F.2d at 491.

14      Further, the Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a

15 petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the

16 respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory

17 Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039 (9th

18 Cir.2001).

19      II.  Failure to State a Claim Cognizable Under Federal Habeas Corpus

20      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

21 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

22 corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

23 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586

24 (1997).  The instant petition was filed on July 9, 2010, and thus, it is subject to the provisions of the

25 AEDPA.

26      Here, Petitioner alleges that he is an inmate of the California Department of Corrections and

27 Rehabilitation who is serving a sentence of sixteen years-to-life imposed in the Sacramento County

28 Superior Court after Petitioner's 1996 conviction for second degree murder.  (Doc. 1, p. 1).

1    Petitioner does not challenge either his conviction or sentence; rather, Petitioner challenges the June

2    3, 2008 decision of the BPH finding him unsuitable for parole.

3         Petitioner raises but a single ground for relief, i.e., that the BPH decision violated Petitioner's

4    due process rights because the decision was not based on any evidence whatsoever that Petitioner

5    posed a current and unreasonable risk if released on parole.  (Doc. 1, p. 4).

6         A.  Substantive Due Process Claims And California's "Some Evidence" Standard

7         As discussed more fully below, the claim in the petition sounds exclusively in substantive

8    federal due process and therefore is not cognizable in these proceedings.

9         The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of

10   Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless

11   he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states that the federal courts

12   shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in

13   custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§

14   2254(a)(, 2241( c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7, 120 S.Ct. 1495 (2000); Wilson v.

15   Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); see also, Rule 1 to the Rules Governing Section

16   2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of

17   habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v.

18   Rodriguez, 411 U.S. 475, 484 (1973).  Furthermore, in order to succeed in a petition pursuant to 28

19   U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted

20   in a decision that was contrary to, or involved an unreasonable application of, clearly established

21   Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that

22   was based on an unreasonable determination of the facts in light of the evidence presented in the

23   State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

24        Because California's statutory parole scheme guarantees that prisoners will not be denied

25   parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals has held

26   that California law creates a liberty interest in parole that may be enforced under the Due Process

27   Clause.  Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir.2010); Pearson v. Muntz, 606 F.3d

28   606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (2010), rev'd, Swarthout v.

1   Cooke, ___ U.S.___, ___ S.Ct. ___, 2011 WL 197627 (Jan. 24, 2011).  The Ninth Circuit instructed

2   reviewing federal district courts to determine whether California's application of California's "some

3   evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light

4   of the evidence.  Hayward v. Marshall. 603 F.3d at 563; Pearson v. Muntz, 606 F.3d at 608.

5          On January 24, 2011, the Supreme Court issued a *per curiam* opinion in Swarthout v. Cooke,

6   562 U.S.___, ___ S.Ct. ___, 2011 WL 197627 (No. 10-133, Jan. 24, 2011).  In that decision, the

7   United States Supreme Court characterized as reasonable the decision of the Court of Appeals for the

8   Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth

9   Amendment's Due Process Clause, which in turn requires fair procedures with respect to the liberty

10  interest.  Swarthout, 2011 WL 197627, *2.

11         However, the procedures required for a parole determination are the minimal requirements

12  set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S.Ct.

13  2100 (1979).[1]  Swarthout v. Cooke, 2011 WL 197627, *2.  In Swarthout, the Court rejected inmates'

14  claims that they were denied a liberty interest because there was an absence of "some evidence" to

15  support the decision to deny parole.  In doing so, the High Court stated as follows:

16       There is no right under the Federal Constitution to be conditionally released before the
         expiration of a valid sentence, and the States are under no duty to offer parole to their
17       prisoners. (Citation omitted.)  When, however, a State creates a liberty interest, the Due
         Process Clause requires fair procedures for its vindication–and federal courts will review the
18       application of those constitutionally required procedures.  In the context of parole, we have
         held that the procedures requires are minimal.  In Greenholtz, we found that a prisoner
19       subject to a parole statute similar to California's received adequate process when he was
         allowed an opportunity to be heard and was provided a statement of the reasons why parole
20       was denied. (Citation omitted.)

21  Swarthout, 2011 WL 197627, *2.

22         The Court concluded that the petitioners had received the due process to which they were

23  due:

24       They were allowed to speak at their parole hearings and to contest the evidence against them,
         were afforded access to their records in advance, and were notified as to the reasons why
25       parole was denied...

26  _____

27       [1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting
    or denying discretionary parole and that due process is sufficient to permit the inmate to have an opportunity to be heard and
28  to be given a statement of reasons for the decision made.  Id. at 15-16.  The decision maker is not required to state the
    evidence relied upon in coming to the decision.  Id.

1   That should have been the beginning and the end of the federal habeas courts' inquiry into
2   whether [the petitioners] received due process.

3   Swarthout, 2011 WL 197627, *3.  The Court went on to expressly point out that California's "some
4   evidence" rule is not a substantive federal requirement, and correct application of the State's "some
5   evidence" standard is not required by the federal Due Process Clause.  Id. at *3.  The Supreme Court
6   emphasized that "the responsibility for assuring that the constitutionally adequate procedures
7   governing California's parole system are properly applied rests with California courts, and is no part
8   of the Ninth Circuit's business."  Id.

9       Swarthout forecloses any claim premised upon California's "some evidence" rule because
10  this Court cannot entertain substantive due process claims related to a state's application of its own
11  laws.  Here, the claim in the petition sounds exclusively in substantive due process and is therefore
12  foreclosed by Swarthout.  Review of the record for "some evidence," or for a "nexus" between
13  present dangerousness and certain indicia, or for reliance upon the circumstances of the commitment
14  offense to support denial of parole, are simply not within the scope of this Court's habeas review
15  under 28 U.S.C. § 2254.  Accordingly, the petition should be summarily dismissed.

16      Moreover, to the extent that Petitioner's claim rests solely on state law, it is  not cognizable
17  on federal habeas corpus.  Federal habeas relief is not available to retry a state issue that does not rise
18  to the level of a federal constitutional violation.  Wilson v. Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16
19  (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991).  Alleged errors in the
20  application of state law are not cognizable in federal habeas corpus.  Souch v. Schiavo, 289 F.3d
21  616, 623 (9th Cir. 2002).  Indeed, federal courts are bound by state court rulings on questions of state
22  law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), cert. denied, 493 U.S. 942 (1989).

23      B.   Procedural Due Process

24      Petitioner has neither claimed nor established a violation of his federal right to procedural
25  due process.  Petitioner has included a transcript of the BPH hearing.  (Doc. 1, p. 8 et seq.).  From
26  that transcript, it is clear that Petitioner was present at the BPH hearing (id.), that he had an
27  opportunity to be heard (e.g., id., pp. 96-114), that he was represented by counsel who also attended
28  the hearing and argued on Petitioner's behalf (e.g., id., pp. 115-118), and that Petitioner received a

1    statement of the Board's reasons for denying parole.  (Doc. 1, pp. 119-135).

2          According to the Supreme Court, this is "the beginning and the end of the federal habeas

3    courts' inquiry into whether [the prisoner] received due process." <u>Swarthout</u>, 2011 WL 197627.

4    "The Constitution does not require more [process]." <u>Greenholtz</u>, 442 U.S. at 16. Therefore, the

5    instant petition does not present cognizable claims for relief and should be summarily dismissed.

6                                   **<u>RECOMMENDATION</u>**

7          For the foregoing reasons, the Court HEREBY RECOMMENDS that the instant petition for

8    writ of habeas corpus (Doc. 1), be SUMMARILY DISMISSED for failure to state a claim upon

9    which federal habeas relief can be granted.

10          This Findings and Recommendation is submitted to the United States District Court Judge

11   assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of

12   the Local Rules of Practice for the United States District Court, Eastern District of California.

13   Within twenty (20) days after being served with a copy, any party may file written objections with

14   the court and serve a copy on all parties.  Such a document should be captioned "Objections to

15   Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

16   filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.

17   The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

18   parties are advised that failure to file objections within the specified time may waive the right to

19   appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

20

21   IT IS SO ORDERED.

22   Dated:   **March 2, 2011**                              **/s/ Jennifer L. Thurston**
                                                     UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27

28